UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUSTIN RUNDE,

    Plaintiff,

v.                                           Case No: 8:20-cv-870-T-60JSS

RAMPS, LLC,

    Defendant.
_____/

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based on the Fair Labor Standards Act ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (Fed. R. Civ. P. 1), it is

**ORDERED** that the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d) concerning the initial disclosures and filing of a case management report are hereby waived in this case. Instead, the parties shall comply with the following schedules.

1. No later than **fourteen (14) days** from the date of the service of the complaint, Plaintiff shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file same with the Court.

2. No later than **fourteen (14) days** after the Plaintiff files an answer to the Court's interrogatories, the parties shall serve upon each other (but not file) copies of the following:

<u>Plaintiff</u>[1]     All documents in Plaintiff's possession, custody or control that pertain to the unpaid wages claimed in the Complaint.

---

[1] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant

<u>Defendant</u>: All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages.

3. In collective actions, an exchange of documents as referenced in Paragraph 1 shall occur with respect to opt-in Plaintiffs who join the action prior to the dissemination of a court-approved opt-in notice. Said exchange of documents shall occur within twenty-one (21) days of their filing of opt-in notices with this Court, and such opt-in Plaintiffs shall thereafter file and serve their respective answers to the Court's Interrogatories within an additional twenty-one (21) days.

4. No later than **twenty-eight (28) days** after the parties exchange all required documents as outlined in paragraph 2, counsel for Plaintiff and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys' fees and costs.[2] The parties, including a representative of each corporate party with full settlement authority, shall be available by telephone during the conference to consider and approve any settlement negotiated by counsel. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

5. No later than **fourteen (14) days** after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: 1.) the parties have settled the case; 2.) the parties have not settled the case but wish to continue settlement discussions for a specific period of time; 3.) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; 4.)

---

shall include plural.

[2] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

either party requests a settlement conference before the United States Magistrate Judge who upon the consent of the parties shall have the authority to approve the settlement as a 'fair and reasonable resolution of a bona fide dispute" over FLSA issues without additional filings made by the parties.  See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982); or 5.) the parties have exhausted all settlement efforts and will immediately file a Case Management Report[3] signed by counsel for all parties.

6. The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge (consent form attached).  Absent consent, the Magistrate Judge shall prepare a report and recommendation as to whether any settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues. See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982);.

7. Until the parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided in this Order.

8. In the event that no settlement is reached pursuant to these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action, the limitations period for any person receiving notice shall be tolled during the period from the date of this Order until the parties file a Case Management Report lifting the stay on these proceedings.

9. Should the parties settle the dispute at any later time, they shall immediately advise the Court as required by Local Rule 3.08(a) and promptly submit a joint motion to approve the settlement.

---

[3] CMR forms are available online at http://www.flmd.uscourts.gov, then select Judicial Information, District Judges, and, under the appropriate judge's name, Case & Trial Management Forms.

10. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

11. Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant.

**DONE and ORDERED** in Chambers in Tampa, Florida, on 14th day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of Record
Unrepresented Parties

**COURT'S INTERROGATORIES TO PLAINTIFF**

1. During what period of time were you employed by the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. What is the nature of your claim (check all that apply)?

    \_\_\_\_\_Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time;

    \_\_\_\_\_Misclassification (Defendant mistakenly classified you as exempt from overtime);

    \_\_\_\_\_Miscalculation (Defendant failed to correctly calculate your compensation);

    \_\_\_\_\_Other (Please describe):
    _____

    _____

7. Provide an accounting of your claim, including:

    (a) dates

    (b) regular hours worked

    (c) over-time hours worked

    (d) pay received versus pay claimed

    (e) total amount claimed

8. If you have brought this case as a collective action:

    (a) Describe the class of employees you seek to include in this action.

  (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

9. Please specify all attorney's fees and costs incurred to date.  With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

12. What was your employer's response?  (If a written response, please attach a copy).

_____
**(Plaintiff Name)**

**STATE OF FLORIDA**
COUNTY OF _____

  The foregoing instrument was acknowledged before me by means of \_\_\_ physical presence or \_\_\_ online notarization by Austin Runde, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

  **SWORN TO AND SUBSCRIBED** before me on this \_\_\_\_day _____, 20 \_\_\_\_.

        NOTARY PUBLIC

**Notary Stamp**

_____
Signature of Person Taking Acknowledgment
Print Name:
Title: Notary Public
Serial No. (if any):
Commission Expires:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

With the parties' consent, a district judge under 28 U.S.C. § 636(c) can refer any civil matter to a magistrate judge for any or all proceedings, including the resolution of any motion, a jury or non-jury trial, and entry of final judgment. Although the same law, rules, and procedure govern before both the district judge and the magistrate judge, reference to the magistrate judge often results in an earlier and more reliable trial date (a magistrate judge's trial calendar need not accommodate criminal trials, which are subject to the requirement of constitutional and statutory "speedy trial"). A final judgment entered by the magistrate judge is appealable directly to the United States Court of Appeals.

The parties can formalize consent to the magistrate judge on an AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," a copy of which is attached. Consent requires the signature of each party's counsel and the signature of any unrepresented party. The district judges of the Middle District of Florida request that each party and each counsel carefully consider the benefits to the public, to the court, and to the parties of consent to proceed before the magistrate judge. Of course, consent is entirely voluntary, and — without any adverse substantive consequence — a party for any reason can withhold consent and continue the action before the district judge.

_____
Steven D. Merryday
Chief United States District Judge

_____
Virginia M. Hernandez Covington
United States District Judge

_____
Mary S. Scriven
United States District Judge

_____
Roy B. Dalton, Jr.
United States District Judge

_____
Brian J. Davis
United States District Judge

_____
Carlos E. Mendoza
United States District Judge

_____
Thomas P. Barber
United States District Judge

_____
Timothy J. Corrigan
United States District Judge

_____
Marcia Morales Howard
United States District Judge

_____
Charlene Edwards Honeywell
United States District Judge

_____
Sheri Polster Chappell
United States District Judge

_____
Paul G. Byron
United States District Judge

_____
William F. Jung
United States District Judge

_____
Wendy W. Berger
United States District Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUSTIN RUNDE,

    Plaintiff,

v.   Case No: 8:20-cv-870-T-60JSS

RAMPS, LLC,

    Defendant.
_____

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

    *Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

    You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case,

    *Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**REFERENCE ORDER**

    IT IS **ORDERED** that this case be referred to a UNITED STATES MAGISTRATE JUDGE for all further proceedings and order the entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73.

_____      _____
DATE      THOMAS P. BARBER
     UNITED STATES DISTRICT JUDGE

**NOTE:** RETURN THIS FORM TO THE CLERK OF COURT ONLY IF YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.